```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   JACKSONVILLE DIVISION
```

WENDALL HALL,

        Plaintiff,

v.                                     Case No. 3:15-cv-1054-J-39PDB

LIEUTENANT PETER MEROLA,
et al.,

        Defendants.

_____

## **ORDER**

### I.  Status

Plaintiff, an inmate of the Florida Department of Corrections, is proceeding on a pro se Amended Civil Rights Complaint (Amended Complaint) (Doc. 9).[1]  The Defendants are Lieutenant Peter Merola, Sergeant Charles Watson, and Officer Wright.  They filed a Motion to Dismiss (Motion to Dismiss) (Doc. 11), and Plaintiff filed his Response (Response) (Doc. 13).  Defendants sought leave to file a reply, and leave was granted.  See Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 25).  Plaintiff recently filed a Motion for Ruling or Judgment on All

---

[1] Plaintiff is a frequent filer in this and other federal courts, and he is a three-strikes litigant; however, he has avoided the three-strikes provision of 28 U.S.C. § 1915(g) in this instance by first filing his civil rights case in the state court.  Defendants elected to remove the case to this Court, and their Motion to Dismiss is pending.

Pending Motions and to Review Plaintiff's Reply [the Response (Doc. 13)] and Judicial Notices (Motion) (Doc. 36).

Along with his verified Amended Complaint,[2] Plaintiff asks this Court to consider his own Affidavit, Bobby Green's Affidavit, copies of Inmate Sick-Call Requests, a Request for Administrative Remedy or Appeal concerning the alleged actions of Defendant Merola, and the appeal response. See Response (Doc. 13). He has provided the Court with a number of judicial notices (Docs. 14, 16, 17, 19, 32, and 34) for the Court's consideration. The Court has reviewed all of the above and this case is ripe for review.

This is a civil rights action for compensatory and punitive damages brought by a state prisoner under 42 U.S.C. § 1983 claiming that he was subjected to the excessive use of force, chemical spraying, by Defendants Watson and Wright, state corrections officers, in violation of Plaintiff's Eighth Amendment right to be free from the infliction of cruel and unusual punishment. He also alleges that Defendant Merola ordered that he not be fed for two days in February 2014.

Under the Statement of Claim portion of the Amended Complaint, Plaintiff states:

---

[2] See Stallworth v. Tyson, 578 F. App'x 948, 950 (11th Cir. 2014) (per curiam) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

(Count 1) Defendant Sergeant Charles Watson violated the U.S. Constitution 8th Amendment prohibiting cruel and usual punishment by deliberately, maliciously, or wantonly gassing Plaintiff without any justification or sufficient reason to wantonly cause him pain or injury or to retaliate against Plaintiff for filing grievances, Lawsuits or for his past disciplinary history or using excessive force against Plaintiff.

(Count 2) Defendant Charles Watson violated the United States Constitution 1st Amendment right to redress grievances by unlawfully gassing Plaintiff with chemical agents because Plaintiff files grievances or Lawsuits against correctional officers.

(Count 3) Defendant Officer Wright violated the U.S. Constitution 8th Amendment prohibiting cruel and unusual punishment by deliberately, maliciously, or wantonly gassing Plaintiff without any justification or sufficient reasons to wantonly cause him pain or injury or to retaliate against Plaintiff for filing grievances Lawsuits or for his past disciplinary reports or using excessive force against Plaintiff.

(Count 4) Defendant Officer Wright violated the U.S. Constitution 1st Amendment right to redress grievances by unlawfully gassing Plaintiff with chemical agents because Plaintiff files lawsuits and grievances against correctional officers.

(Count 5) Defendants Sergeant Charles Watson and Officer Wright violated the U.S. Constitution 14th Amendment equal protection of the law by allowing, approving or and gassing Plaintiff with chemical agents because of his black race.

(Count 6) Defendants Sergeant Charles Watson, Officer Wright violated the U.S. Constitution 8th Amendment prohibiting cruel and unusual punishment by deliberately failing to protect Plaintiff from a serious risk of harm or from

> excessive force or from a risk of serious harm to his health or safety.
>
> (Count 7) Defendant Lieutenant Peter Merola violated the U.S. Constitution 8th Amendment prohibiting cruel and unusual punishment for ordering his correctional officers not to feed Plaintiff any food to retaliate against Plaintiff for filing grievances.
>
> (Count 8) Defendant Lieutenant Peter Merola violated the U.S. Constitution 1st Amendment right to redress grievances for ordering or denying Plaintiff to eat any food because Plaintiff files grievances in prison.

Amended Complaint at 9-11.[3]

In the Amended Complaint, under the Statement of Facts, Plaintiff states that he is suing the Defendants in their individual capacities and he is seeking compensatory and punitive damages. Id. at 12. Plaintiff submits that the events in question occurred at the Reception and Medical Center. Id. at 13. He alleges that on January 31, 2014, he was confined in K dormitory, confinement cell K2112. Id. at 14. He states that Defendant Watson approached his cell door window and announced the he and Defendant Wright were going to gas Plaintiff because he is black, using a racial epitaph; because Plaintiff has past disciplinary reports for masturbation; because Plaintiff files lawsuits and grievances against correctional officers; and because Plaintiff is testifying against Officer Bennett. Id.

---

[3] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

Plaintiff alleges that Defendants Watson and Wright came back, opened Plaintiff's cell food flap, and sprayed his chest and face with chemical agents, causing Plaintiff to suffer severe pain in his face, chest, and eyes. Id. Plaintiff states that he suffered from blurry vision, difficulty breathing, severe burning and itching of his skin, and bleeding out of his buttocks. Id. He also complains that he suffered lasting mental pain and injury. Id. Plaintiff alleges that Defendant Wright said that Plaintiff knew it was coming because of Plaintiff's past numerous masturbation disciplinary reports and his being a writ writer who files lawsuits and grievances against correctional officers. Id. Significantly, Plaintiff states: "Plaintiff was not tampering with any safety device or water sprinkler safety device in his cell." Id.

With regard to Defendant Merola, Plaintiff alleges that on February 7, 2014, Merola told Plaintiff that he writes too many grievances and that Merola was going to order his officers not to feed Plaintiff any food to teach him a lesson. Id. at 15. Plaintiff states that on February 8, 2014 and February 9, 2014, K dormitory confinement officers did not provide Plaintiff with food, and they told him that they would not feed him because Merola ordered them not to do so. Id. Plaintiff alleges that he suffered from severe physical pain, hunger pains, long-lasting mental pain, and injury. Id.

The record shows that on January 31, 2014, Defendant Watson filed a disciplinary report against Plaintiff for tampering with a safety device.  Defendants' Exhibit A (Doc. 11-1).  The Disciplinary Report, Log # 209-140046, charges the following:

> At approximately 9:15 A.M. on January 31, 2014, while assigned as K-dorm housing supervisor, I was conducting a security check on 2-wing, when I looked into cell K2112 which solely houses inmate Hall, Wendall DC#379682[,] I observed inmate Hall standing on the toilet attempting to break the sprinkler head.  I ordered inmate Hall several times to cease his actions to no avail.  Inmate Hall is in direct violation of FAC 33-601.314, Rules of Prohibited Conduct, and is being charged with 9-34, tampering with or defeating any fire or other safety device.  Safety devices include: fire, smoke and carbon dioxide detection devices; alarm systems; fire suppression systems; safety and emergency lighting; exit lights; evacuation route and waning [sic] placards; self-contained breathing apparatuses; personal protective equipment; first aid kits; eye wash stations; and any other device utilized to ensure safety of the institution, staff and inmates.  It should be noted that this incident resulted in a reactionary use of force.  My shift OIC was notified and instructed me to prepare this report.

Defendants' Exhibit A at 1 (capitalization omitted) (Doc. 11-1).

The disciplinary team found Petitioner guilty.  Defendants' Exhibit A at 2.  The basis given for the decision is:

> Subject was found guilty of charge 9-34 "Tamper w/Safety Dev" based on the eyewitness testimony of Officer C. Watson.  As stated in Section I: I was conducting a security check on 2-wing, when I looked into cell K-2112 which solely houses inmate Hall, Wendall #379682, I observed inmate Hall standing on

>           the toilet attempting to break the sprinkler
>           head.  I ordered inmate Hall to cease his
>           actions to no avail.  Incident resulted in a
>           reactionary use of force.  All attachments
>           were read and considered by the team.

Id. (capitalization omitted).

The recorded disciplinary action is thirty days of disciplinary confinement and a loss of twenty days of gain time. Id. The disciplinary report has not been overturned. Defendants' Exhibit B (Doc. 11-2).

## II.  Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

### III. Law and Conclusions

#### A. <u>Heck</u>-bar Defense

Defendants assert that a <u>Heck</u>-bar defense is properly raised in a motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P.[4] Motion to Dismiss at 1 n.1.  See <u>Palmer v. Laux</u>, No. 2:10-cv-438-FtM-29DNF, 2011 WL 4029085, at *8 (M.D. Fla. Sept. 12, 2011) (Not Reported in F.Supp.2d) (finding the plaintiff steered his case into <u>Heck</u> territory by raising claims directly contrary to the facts upon which the disciplinary charges were based).  Defendants Watson and Wright contend that successful prosecution of Plaintiff's claims in this case would necessarily imply the invalidity of the institutional order imposing disciplinary punishment and that such a claim cannot be maintained under § 1983 unless and until the disciplinary order has been set aside as a result of other available remedies.  See <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006).  The Supreme Court, in <u>Heck</u>, emphasized that it was not imposing an exhaustion requirement upon 42 U.S.C. § 1983 actions, but, "'rather den[ied] the existence of a cause of action' altogether."  <u>Harden v. Pataki</u>, 320 F.3d 1289, 1294 (11th Cir. 2003) (quoting <u>Heck</u>, 512 U.S. at 489)).

The Eleventh Circuit explained that the <u>Heck</u>-bar has been extended to prison disciplinary determinations if the civil rights claim would necessarily affect the fact or duration of confinement:

---

[4] <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

> In Heck, the Supreme Court held that if a judgment in favor of the plaintiff on his § 1983 claim for money damages "would necessarily imply the invalidity of his conviction or sentence," the district court must dismiss the complaint, unless the conviction or sentence has already been invalidated. 512 U.S. at 487, 114 S.Ct. at 2372. The Court later extended this bar to prison disciplinary judgments that result in the deprivation of good-time credits. See Edwards, 520 U.S. at 646-48, 117 S.Ct. at 1588-89. However, Heck only applies to prison disciplinary determinations if a prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement. See Wilkinson v. Dotson, 544 U.S. 74, 79, 81-82, 125 S.Ct. 1242, 1246-48, 161 L.Ed.2d 253 (2005); Muhammad v. Close, 540 U.S. 749, 754, 124 S.Ct. 1303, 1306, 158 L.Ed.2d 32 (2004). Thus, as we have made clear, the same facts underlying a conviction, or in this case, a disciplinary judgment, can also give rise to a § 1983 claim without implicating Heck. Dyer v. Lee, 488 F.3d 876, 879-80 (11th Cir. 2007) ("[A]s long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred.").

Davis v. Hodges, 481 F. App'x 553, 554 (M.D. Fla. 2012) (per curiam).

As such, it is clearly established law that an action under § 1983 simply will not lie and should be dismissed if the remedy or remedies sought in the action would "necessarily imply the invalidity of the punishment imposed" in a prison disciplinary proceeding.  Additionally, under Bryant v. Rich, the Court may accept evidence and act as a fact-finder to resolve the threshold issues  to resolve all matters in abatement.  Bryant v. Rich, 530

F.3d 1368, 1376 (11th Cir.) ("it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits"), cert. denied, 555 U.S. 1074 (2008).

Plaintiff, in his Response, states that he is not seeking injunctive relief to overturn, expunge or reverse the disciplinary report or to restore his gain time. Response at 3. Instead, he argues that he is entitled to monetary damages for an Eighth Amendment violation (excessive force/deprivation of food); a Fourteenth Amendment violation (racial discrimination), and a First and Eighth Amendment violation (retaliation by chemically spraying Plaintiff for filing grievances). Id. He attempts to distinguish his case by asserting that his disciplinary conviction "is merely 'incidental' or slight to his further claims of excessive force against Watson and Wright[.]" Id. at 9. He further contends that his inclusion in the statement of facts of his Amended Complaint that he did not tamper with the safety device in his cell does not, standing alone, constitute a challenge to the finding of guilt to the disciplinary report, but is "'circumstances of confinement facts' of his excessive force claims and retaliatory claims against defendants Watson and Wright[.]" Id. at 10.

Plaintiff's "argument that Heck is inapplicable because he is not seeking to expunge his disciplinary actions misses the mark." Richards v. Dickens, 411 F. App'x 276, 278 (11th Cir. 2011) (per

- 10 -


curiam). "[T]he relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits." Id. Also, dismissal pursuant to "the principles announced in Heck may be appropriate regardless of the kind of relief sought." Esensoy v. McMillan, No. 06-12580, 2007 WL 257342, at *1 n.6 (11th Cir. 2007) (per curiam) (citation omitted), cert. denied, 552 U.S. 1097 (2008).

Although this is a close case, upon careful consideration of the Amended Complaint, the documents, and exhibits submitted to the Court, the Court is convinced that the claims raised against Defendants Watson and Wright are Heck-barred. Plaintiff contends that he was subjected to chemical gassing for reasons other than he was tampering with a safety device and refusing to obey verbal orders to cease his actions - a claim that would necessarily imply the invalidity of the punishment imposed. Indeed, Plaintiff alleges that Defendants Watson and Wright, without justification, or more accurately with improper motive to retaliate against him for filing grievances and lawsuits, for his past disciplinary history, and due to his race, applied chemical agents.[5] Thus, he

---

[5] This is not a case in which Plaintiff admitted that yes, he tampered with the security device and disobeyed verbal orders to stop tampering with the device, he was properly disciplined for that infraction, but the officers used excessive force in subduing him. Instead, Plaintiff alleges in his Complaint that he was not tampering with a safety device in his cell and Defendants Watson and Wright chemically gassed him for various retaliatory or discriminatory reasons.

is contending that he was subjected to an unprovoked attack by chemical spraying, for the improper reason of retaliation and discrimination, and the disciplinary report is wholly false.

In his Affidavit at 2 (Doc. 13-1), Plaintiff states: "I did not tamper with any fire sprinkler and I did not try to break the head of fire sprinkler or safety device in my cell at any time and I did not resist any order or command or verbal order from any officer." Of import, the disciplinary report otherwise describes the elements of the infraction; therefore, this Court finds that Plaintiff's allegations would necessarily invalidate the revocation of his gain-time credits. Of note, the report specifically states that Plaintiff was standing on his toilet attempting to break the sprinkler head. Defendants' Exhibit A at 1 (Doc. 11-1). Additionally, it states that the correctional officer gave repeated orders to Plaintiff to cease his actions, "to no avail." Id. It further states that a "reactionary use of force" was employed by the officers as a result of Plaintiff's actions. Id. The finding of guilt is based on the charge and the eyewitness testimony of Officer C. Watson, referencing the Plaintiff's attempt to break the sprinkler head, his refusal to head the officer's order to cease his destructive actions, and the incident resulting in a reactionary use of force. Id. at 2.

A judgment in Plaintiff's favor would necessarily imply the invalidity of his disciplinary report and his loss of gain time.

Plaintiff is not alleging the officers use of force in response to his tampering with the sprinkler head and refusal to obey orders was excessive; instead, he is alleging that the chemical spraying was an unprovoked attacked, in retaliation for his being a writ writer, for his past disciplinary history, and due to his race. See LaFlower v. Kinard, No. 2:10-cv-82-FtM-29SPC, 2011 WL 2183555, at *3 (M.D. Fla. June 6, 2011) (Not Reported in F.Supp.2d) (finding the case Heck-barred when the plaintiff alleged an unprovoked, retaliatory attack for past lawsuits, not a claim concerning the magnitude of the force used in response to his failure to comply with orders). Plaintiff has not alleged the reversal of the disciplinary report or presented documents showing that he has caused the disciplinary proceeding to be set aside through administrative, state or federal remedies available to him. Unless and until the disciplinary report has been overturned, Plaintiff has no claim for money damages. Of import, at this juncture, the record shows that the disciplinary report has not been overturned.[6]

Therefore, based on the above, Defendants Watson and Wright's Motion to Dismiss based on the Heck-bar defense is due to be granted. The claims against them will be dismissed without prejudice to Plaintiff's right to refile his claims in a new civil rights case against Defendants Watson and Wright under 42 U.S.C. §

---

[6] To the extent Plaintiff seeks reversal of the disciplinary report and restoration of his gain time, the proper method for seeking such relief in this Court is by filing a petition for writ of habeas corpus after exhausting state court remedies.

1983 when he can demonstrate that the disciplinary report has been overturned. Again, a petition for writ of habeas corpus would be the proper method to challenge the disciplinary proceeding and its results.

### B.  Physical Injury

The remaining claims are raised against Defendant Merola. Plaintiff alleges that Merola ordered officers to not feed Plaintiff during the period of February 8, 2014 through February 9, 2014, in retaliation for Plaintiff filing grievances. Plaintiff asserts that he suffered severe physical pains [sic], hunger pains, and long-lasting mental pain and injury due to the lack of food for two days. Amended Complaint at 15. Defendant Merola contends that Plaintiff is not entitled to compensatory or punitive damages because he cannot demonstrate the requisite physical injury under 42 U.S.C. § 1997e(e).

Plaintiff has not described any physical malady resulting from the deprivation of food for two days. Indeed, he does not describe any other "physical manifestation of hunger pain, such as weight loss[.]" Agrawal v. Briley, No. 02 C 6807, 2006 WL 3523750, at *14 (N.D. Ill. Dec. 6, 2006) (Not Reported in F.Supp.2d). See Williams v. Lackawanna Co. Prison, No. 4:07-1137, 2010 WL 1508542, at *3 (M.D. Pa. Feb. 25, 2010) (in reviewing claim of suffering from hunger pain, finding no demonstration of physical injury due to lack of nutrition or some other deleterious impact of a prolonged

deficient diet), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> <u>Williams v. Lackawanna Co. Prison</u>, 2010 WL 1491132 (M.D. Pa. Apr. 13, 2010).

At most, Plaintiff has described hunger pain for two days and lingering mental anguish as a result of being deprived of meals for two days. In this case, Plaintiff has not alleged that he has been deprived of meals over a long period of time or been subjected to a diet deficient in adequate nutrition. Instead, he alleges a brief, two-day period of not being provided meals by correctional officers.

As discussed in <u>Agrawal</u>,

> In any event, the court doubts that "pain of hunger," standing alone, overcomes the PLRA's bar to recovering compensatory damages for non-physical injury. <u>Cf</u>. <u>Martin v. Gold</u>, No. 1:05-CV-28, 2005 WL 1862116, at *9 (D.Vt. Aug. 4, 2005) (noting that "headaches and hunger pains may not satisfy the PLRA requirement," but finding that requirement met where plaintiff's teeth were pulled, prison officials did not provide dentures for thirteen months thereafter, and plaintiff experienced constant pain from attempting to chew prison food without teeth); <u>see</u> <u>also</u> <u>Berry v. Brady</u>, 192 F.3d 504, 508 (5th Cir. 1999) (finding inmate plaintiff's Eighth Amendment § 1983 claim frivolous where plaintiff alleged hunger pain from prison guard's denial of access to dining hall on several occasions, but failed to claim weight loss or any other "adverse physical effects"). Accordingly, the court concludes that to the extent Plaintiff has suffered non-physical injury, compensatory damages for his RLUIPA claim are barred by the PLRA.

<u>Agrawal v. Briley</u>, 2006 WL 3523750, at *14.

Thus, Plaintiff is seeking compensatory and punitive damages for mental or emotional injury. Therefore, his claims are barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). However, section 1997e(e) does not preclude the award of nominal damages if Plaintiff prevails on his retaliation claims against Defendant Merola. Accordingly, Defendant Merola's Motion to Dismiss is due to be granted with respect to Plaintiff's claims against him for compensatory and punitive damages.

### C. Eleventh Amendment Immunity

Defendants contend that they are entitled to Eleventh Amendment immunity to the extent Plaintiff is suing them in their official capacities. Motion to Dismiss at 13. Plaintiff states in his Amended Complaint that he is suing the Defendants in their individual capacities for monetary relief. Amended Complaint at 12. See Response at 19. Therefore, he is not suing the Defendants in their official capacities, and there is no Eleventh Amendment immunity issue to be considered under these circumstances.

Therefore, it is now

**ORDERED:**

1. Plaintiff's Motion for Ruling or Judgment on All Pending Motions and to Review Plaintiff's Reply [the Response (Doc. 13)] and Judicial Notices (Doc. 36) is **GRANTED.**

2. Defendants Watson and Wright's Motion to Dismiss (Doc. 11) is **GRANTED** to the extent the claims raised against them in the Amended Complaint are found to be Heck-barred.

3. The claims against Defendants Watson and Wright are **DISMISSED without prejudice** to Plaintiff's right to refile his claims against Watson and Wright under 42 U.S.C. § 1983 when Plaintiff can demonstrate that the disciplinary report has been overturned.

4. Defendants Watson and Wright are **DISMISSED** from this action **without prejudice.**

5. Defendant Merola's Motion to Dismiss (Doc. 11) is **GRANTED** with respect to Plaintiff's claims against him for compensatory and punitive damages. Any claims for nominal damages against Defendant Merola remain.

6. Defendant Merola shall respond to the Amended Complaint by **June 10, 2016.**

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2016.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/5
c:
Wendall Hall
Counsel of Record