UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDALL HALL,

        Plaintiff,

v.                        Case No. 3:15-cv-1054-J-39PDB

LIEUTENANT PETER MEROLA,

        Defendant.
_____

**ORDER**

This case is scheduled for trial on October 26, 2020. At the October 6, 2020 pretrial conference, Plaintiff's counsel moved the Court to reconsider part of its September 22, 2020 Order on Plaintiff's motion in limine (Doc. 211; Order on Motion in Limine). In that Order, in pertinent part, the Court ruled that Defendant may "elicit testimony that Plaintiff is a convicted felon for purposes of impeachment under Rule 609(a), but Defendant must limit the scope of examination to the number, date, and nature of prior convictions," including the "title" of the crime. See Order on Motion in Limine at 4.

Plaintiff asks the Court to reconsider its Order with respect to the "nature" or "title" of his prior convictions for sexual battery.[1] He argues such evidence is properly excluded under Rule

---

[1] Plaintiff also has convictions for kidnapping and burglary with assault. See Doc. 195-1.

403 because its probative value is substantially outweighed by the danger of unfair prejudice.

In support of his ore tenus motion, Plaintiff offers an order from the Southern District of Alabama in which the court ruled that reference to plaintiff's statutory rape conviction was not admissible because "any marginal probative value" of such information was substantially outweighed by the risk of unfair prejudice to the plaintiff. McCorvey v. Alabama River Cellulose, LLC, No. CIV.A. 13-0118-WS-N, 2014 WL 5528219, at *3 (S.D. Ala. Nov. 3, 2014) (citing Fed. R. Civ. P. 609(a)(1) and 403). The court reasoned rape is not a crime involving dishonesty or untruthfulness and reference to such a crime could easily "inflame the jury." Id. at *2. The court noted, "[W]e hardly need to state that rape and sexual assault convictions are among the most prejudicial types of information the jury could learn about a plaintiff in a civil suit." Id. (quoting Scott v. Lawrence, 36 F.3d 871, 874 (9th Cir. 1994)).

The Court afforded Defendant an opportunity to offer authority in opposition to Plaintiff's ore tenus motion. See Order (Doc. 218). Defendant has not submitted anything for the Court's consideration, and the time to do so has passed.

The Court has reviewed the McCorvey case and finds it persuasive. And the Court's independent research reveals other cases that have similarly concluded evidence of a witness's prior

conviction for sexual assault/battery or rape is properly excluded because of its potential to inflame the jury. See, e.g., Thomas v. Leifeld, No. 913CV321MADTWD, 2018 WL 3387690, at *3 (N.D.N.Y. July 12, 2018) (ruling the name and nature of the plaintiff's rape, attempted rape, and sexual abuse convictions were not admissible because they were prejudicial and not highly probative of credibility); Dykes v. Cleveland Nursing & Rehab. Ctr., No. 4:15-CV-76-DMB-JMV, 2018 WL 2703135, at *1 (N.D. Miss. June 5, 2018) (permitting into evidence that the witness was convicted of a felony but not the nature of the felony—statutory rape).

In light of the above and given Defendant has offered no authority opposing Plaintiff's requested relief, the Court is persuaded to adopt the reasoning of the McCorvey, Thomas, and Dykes cases. A sexual battery conviction says little about a witness's credibility, and the potential for unfair prejudice is great. The Federal Rules of Evidence and Eleventh Circuity authority authorize such a limitation on the introduction of prior conviction evidence. See, e.g., United States v. Burston, 159 F.3d 1328, 1336 (11th Cir. 1998) (noting that, by its incorporation of Rule 403, Rule 609(a)(1) implicitly assumes the probative value of prior conviction evidence "is likely to vary depending on the number and type of convictions").

Accordingly, the Court **grants** Plaintiff's ore tenus motion. while Defendant may elicit that Plaintiff is a convicted felon for

3

purposes of impeachment under Rule 609(a), Defendant may not reference by title Plaintiff's convictions for sexual battery.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of October 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record