UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDALL HALL,

    Plaintiff,

v.                                Case No. 3:15-cv-1054-J-39PDB

LIEUTENANT PETER MEROLA,

    Defendant.
_____

## ORDER

Following a jury trial, judgment was entered in favor of Defendant. See Verdict (Doc. 242); Judgment (Doc. 243). As the prevailing party, Defendant moves for taxation of costs in the amount of $1,317.34 (Doc. 245; Motion) for the following items, as set forth in the Bill of Costs (Doc. 245-1; Ex. A): fees of the Clerk; witness and subpoena fees; fees for copies or printing; and fees for Plaintiff's deposition transcript. See Ex. A at 1; Motion at 1-2. Plaintiff opposes the motion (Doc. 253; Resp.).

The types of costs for which Defendant seeks reimbursement are recoverable under 28 U.S.C. § 1920, as Plaintiff readily acknowledges. See Resp. at 3-4. And Rule 54(d)(1) of the Federal Rules of Civil Procedure "establishes a presumption that [allowable] costs are to be awarded to a prevailing party." See Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir.

2000) (citing Fed. R. Civ. P. 54(d)(1)). However, Plaintiff asks the Court to wholly deny Defendant's motion because Plaintiff is indigent. See Resp. at 1-3. A district court has discretion to consider as a factor the non-prevailing party's financial status if the non-prevailing party shows "clear proof" of "dire financial circumstances." See Chapman, 229 F.3d at 1039. In considering the non-prevailing party's financial status, a district court my not compare the parties' financial resources, nor may it "decline to award any costs at all." Id.

Upon review of the docket, the Court finds Plaintiff is indigent. The Court granted Plaintiff permission to proceed in forma pauperis on appeal. See Order (Doc. 250). In his motion seeking to proceed as a pauper (Doc. 249), Plaintiff declared under penalty of perjury that he was released from prison in mid-2019, and was thereafter civilly detained at the Florida Civil Commitment Center (FCCC); he has no money in his FCCC resident bank account; and he does not own anything of value.

Accordingly, the Court exercises its discretion to reduce the award of costs by fifty percent based on Plaintiff's demonstrated "dire financial circumstances." See Chapman, 229 F.3d at 1039. See also J.B. by & through K.B. v. Walt Disney Parks & Resorts US, Inc., No. 614CV1900ORL22GJK, 2017 WL 3065119, at *8 (M.D. Fla. July 19, 2017) (reducing an award by fifty percent); Jessup v. Miami-Dade Cty., No. 08-21571-CIV, 2011 WL 294417, at *2 (S.D. Fla. Jan. 27, 2011) (reducing an award by forty-five percent); Brown

v. U.S. Dep't of Agric., No. 6:06CV1329ORL18UAM, 2008 WL 203382, at *2 (M.D. Fla. Jan. 23, 2008) (reducing an award by fifty percent).

As another reason to wholly deny Defendant's motion, Plaintiff asserts an award of costs would have a "chilling effect" on future litigants who suffer civil rights violations, citing an unreported district court order, Mamani v. Sánchez Berzaín, 08-21063-CIV-COHN/SELTZER, 2018 WL 7021966, at *2 (S.D. Fla. Dec. 12, 2018) (denying a motion to tax costs because the plaintiffs were not only indigent but because the case was novel and complex and the imposition of costs against the plaintiffs, who were relatives of Bolivian residents allegedly massacred by the Bolivian military, would have a "chilling effect on future human rights litigants"). See Resp. at 3.

Not only is Mamani factually and legally distinguishable from this one, but Plaintiff cites no Eleventh Circuit authority recognizing a potential "chilling effect" as a factor district courts may consider in ruling on a motion for taxation of costs. On the contrary, the Eleventh Circuit has emphasized Rule 54(d)(1) establishes a presumption that a prevailing party should be awarded costs, and courts should have a "sound basis" to override that presumption "since denial of costs is in the nature of a penalty." See Chapman, 229 F.3d at 1038-39. Moreover, according to binding Eleventh Circuit precedent, a district court may not "decline to award any costs at all." Id. at 1039.

Finally, Plaintiff objects to some of Plaintiff's specific requests. See Resp. at 3-4. For instance, Defendant requests the Clerk to tax $200.00 for "service of summons and subpoena." See Ex. A at 1. Defendant does not explain or provide documentation for these costs, though it appears they were incurred to obtain the presence of Defendant's three trial witnesses. Plaintiff does not dispute the dollar amount but contends subpoenas were unnecessary because the witnesses each work for the Florida Department of Corrections, implying the witnesses would have voluntarily appeared to testify at trial. Plaintiff cites no authority for this assertion, nor does he offer anything other than conjecture to show that the defense witnesses would have testified at trial if not subpoenaed. Given "[f]ees for service of summons and subpoena" are a taxable item under § 1920, and Plaintiff fails to demonstrate such costs should not be taxed, Plaintiff's objection to this item is overruled. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921").

Defendant requests the Clerk to tax $454.25 for "printed or electronically recorded transcripts." See Ex. A at 1. Plaintiff asserts this cost should not be taxed because Defendant "does not identify which transcripts are subject to this claim . . . or why those transcripts were reasonably necessary to the case." See Resp. at 4. It is true that Defendant does not explain this item in the Bill of Costs. However, in his motion, Defendant clarifies that this cost was

4

incurred to secure Plaintiff's deposition. See Motion at 1-2. Because this is a taxable cost under § 1920, Plaintiff's objection is overruled.

As to the remaining item in dispute, Defendant requests the Clerk to tax $49.95 for copies or printing. See id.; Ex. A at 1. When the basis for certain costs is solely within the knowledge of the moving party, such as costs for photocopies, the moving party must demonstrate such costs were necessarily incurred. Indeed, the Bill of Costs form includes a special note advising prevailing parties of their obligation to provide documentation in support of a request for taxation of costs: "Attach to [the] bill an itemization and documentation for requested costs in all categories." See Ex. A at 1. See also Maronda Homes, Inc. of Fla. v. Progressive Express Ins. Co., No. 614CV1287ORL31TBS, 2015 WL 6468191, at *4 (M.D. Fla. Oct. 26, 2015) ("To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." (quoting George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000))); Powell v. Carey Int'l, Inc., 548 F. Supp. 2d 1351, 1360 (S.D. Fla. 2008) ("The burden of establishing entitlement to photocopying expenses lies with the prevailing party."). See also 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.").

Defendant provides no itemization or documentation in support of the request to tax $49.95. In the Bill of Costs, Defendant says he incurred these costs for "[f]ees and disbursements for printing." See Ex. A at 1. Confusingly, in the motion, Defendant says he seeks reimbursement of "copy costs for exemplification of Defendant's docket filings," but no additional explanation is provided. See Motion at 1-2. Given the lack of explanation and documentation, the Court is unable to assess whether these costs were reasonably necessary or whether the rate of copying/printing was reasonable. Therefore, Plaintiff's objection to this item is sustained, and the Court will deny Defendant's motion as to the copying/printing costs in the amount of $49.95.

For the reasons discussed, Defendant's motion (Doc. 245) is **granted in part** and **denied in part**. The **Clerk** is directed to enter a cost judgment providing that the prevailing party, Defendant Peter Merola, recover from the non-prevailing party, Plaintiff Wendall Hall, costs in the amount of **$633.70**.[1]

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of December 2020.

_____
BRIAN J. DAVIS
United States District Judge

---

[1] Rounded up to the nearest penny, $633.70 is half of the total amount Defendant seeks ($1,317.34) minus the copying/printing costs ($49.95).

Jax-6
c:
Counsel of Record